Good morning, Your Honors. May it please the Court, Melania Vartanian for the petitioner Hazrat Nauman Afzal. This case surrounds the decision of the agency wherein they did not decide the merits of the withholding of removal case, but denied the withholding of removal application based on a finding that petitioner's conviction for an assault with a deadly weapon was a particularly serious crime. And thereafter, the agency denied the Convention Against Torture application based on the merits of the case. Initially, I would like to begin by addressing the issue of jurisdiction. Pursuant to their 28-J letter submitted on January 20th of this year, the government concedes that pursuant to Delgado v. Holder, that 8 U.S.C. 1252a2b2 is not a jurisdictional bar with respect to the agency's determination that an offense is a particularly serious crime for purposes of withholding of removal. Counsel, I was a little confused as to what he was convicted and sentenced of. He also originally apparently had some theft charges. Yes, Your Honor. He had two convictions. He had a conviction for receipt of stolen property, and he also had a conviction on the same day for assault with a deadly weapon. Initially, the government charged both as aggravated felonies, and the immigration judge sustained both charges. But thereafter, after looking at the record, it was clear that although the conviction for receipt of stolen property had a two-year sentence, there was no proof that there was at least a one-year sentence for the assault with a deadly weapon. And for this reason, the immigration judge unsustained the aggravated felony charge with respect to assault with a deadly weapon. And that was the history. And because of that, there was the finding of – and because of that issue, our issue is – our point is that there is jurisdiction under 1252a2c to hear this case. The government attorney in their 28J letter submitted recently cited to a case, Gonzalez, stating that there is no jurisdiction pursuant to 1252a2c. In response, we submitted our letter citing to Unakaolu v. Gonzalez, wherein it is clearly stated that the basis – that the underlying basis of the denial must have been an enumerated offense under 1252a2c. In our case, because the assault with a deadly weapon charge was unsustained, the basis of the denial of withholding of removal was not an aggravated felony and was not a crime enumerated in that list. The basis of the denial was the finding that it was a particularly serious crime. And therefore, there is jurisdiction to hear the case pursuant to 1252a2c. And notwithstanding that fact, there is also jurisdiction by this Court to hear the case pursuant to 1252a2d, which states that when there are legal questions of law, this Court – this Court has jurisdiction. In particular, whether a crime is a question – whether a crime is a particularly serious crime is a question of law in which this case – this Court has held in cases of Beltran's Avala v. INS, Ramirez-Ramos v. INS, as well as Mahaney v. INS. Now, he has not to date suffered any persecution, is that correct? So the burden is on him to show fear. Yes, Your Honor. He left his country at the age of 9, and he entered here as a refugee and as a lawful permanent resident of this country. But based on – he has two grounds of persecution. Religious, because he is married to a U.S. citizen woman who is Christian, and also based on his ties to his cousin – his first cousin, who is a convicted terrorist based on his ties to Al-Qaeda. And the government – I'm sorry, the Petitioner has submitted numerous supporting documents, including Department of State reports and religious reports, showing that there will be torture and persecution based on these grounds. In fact, the immigration judge found that – specifically stated that, I do believe the respondent may be discriminated against after court at AR-161. Turning back to the denial of withholding of removal, our contention is that the agency erred in applying the wrong legal standard by denying withholding of removal. In order to make a decision whether a crime is a particularly serious crime, there needs to be a case-by-case determination of all of the factors of frantesco according to Afridi v. Gonzalez. At the very least, if all four factors are not considered, at a very minimum, the type and circumstances of the conviction must be taken into account. This is also stated by Fourth Circuit case of Iosefi v. Ayanez, wherein they stated there can be no case-by-case determination of particular seriousness if the type and circumstances are not – are not analyzed. In our case, the immigration judge held the – although he held the Petitioner credible with respect to asylum withholding and the Convention Against Torture, he found him adversely credible with respect to the specific facts surrounding the conviction. The agency did not – I will point to the three grounds upon which the immigration judge found him adversely credible, that he didn't point or fire the gun, that the passenger of the vehicle threatened him with the gun, and that he didn't know the gun was stolen. In their decision, the agency only upheld the adverse credibility finding at footnote 5 in the administrative record, page 4, that the first and three grounds, it's never addressing the self-defense – the self-defense ground. It is our contention, therefore, that because there was no adverse credibility finding based on the self-defense ground, that this should have been considered as one of the factors of the circumstances and facts of the conviction, and it was not. And by not doing so in conducting their de novo review of the – of the legal issues in this case, there would have been a different outcome had they considered this point. Next. Here. Let me just ask you a question. On the withholding. Yes, Your Honor. The asylum board, because it's the – of the offenses, right? I'm sorry, Your Honor. The asylum is not available. Yes. Asylum is not available because – Not eligible.  Because verdugo versus convict. On the withholding – Yes, Your Honor. There's a dispute as to whether he is eligible, and that's the argument you were making. Yes, Your Honor. Assuming that he is eligible. Yes, Your Honor. Then we would have to consider whether they denied it to him not only on eligibility but on the merits. Yes, Your Honor. And that is my next point.  And so we must look to the immigration judge's decision denying withholding of removal on the merits. The immigration judge stated that some of the acts against the petitioner and his family based on his wife's religion could possibly constitute torture. And the only reason why there was a denial on that ground was because the immigration – She had skipped withholding. I'm withholding. Yes, this was – this is regarding withholding, Your Honor. Since the – She skipped torture. No. Since – this is regarding withholding. I'm looking at the immigration judge's decision regarding withholding since the agency did not address the merits of withholding. Okay. So the immigration – That's where we come to the being married to a Christian. Yes, Your Honor. And I can cite to the record, it's AR-76. Administrative record, page 76, is where the immigration judge said that some acts against the petitioner or his family based on the wife's religion could possibly constitute – I'm sorry, persecution and torture. But right now I'm talking about withholding. And the only reason that they denied it is saying that the government would acquiesce to this. Well, pursuant to the Religious Freedom Report and the Human Rights Condition Reports, there's a plethora of evidence stating that blasphemy laws are commonly used to harass and torture religious minorities. So your argument is it's on both withholding and torture? Yes, Your Honor. The argument that is based on the country conditions report, it is more likely than not that he will be tortured and persecuted. Yes, both of them. Because he's married to a Christian. Because he's married to a Christian, because he's going to be viewed as a minority. He's going to be looked at a Muslim apostate, rebelling against his religion because of his marriage and also because of his ties to his cousin, his first cousin, who was his neighbor, next-door neighbor in Pakistan, and who has a conviction for terrorist ties because of his ties to Al-Qaeda. And according to the Human Rights Report, the Anti-Terrorist Act permits coerced confessions. Given his history with his family, with the Al-Qaeda, it's likely that he will get a coerced confession and torture is employed as a standard way of getting a coerced confession. And petitioners and the government usually does not assist in these kinds of cases even if there has been torture. Let me ask you one more question. Let's assume that you were right and the government's wrong about the – whether it's a particularly serious crime. Yes, Your Honor. That only gets you to the merits, right? Yes. And if you were to lose on the merits, that would be the end of the case. There's no need for a remand because they're wrong on a particularly serious crime. Well, we think that he is eligible on the merits, that he has established on the merits. Yes, I understand that. Yes. But if we said in our decision – I'm trying to see what the effect would be – if we would agree with you that it's not a particularly serious crime, or at least that the board hasn't established it. Yes, Your Honor. Then you would still have to prevail on the merits, or you would – Well, I would – I would argue that we would still ask for the case to be remanded since the agency never looked at the merits of the withholding. I thought you just said they did look at the merits. No. They did not look at the – the agency did not look at the withholding merits. They only denied the merits of Catt. The immigration judge – That's why I kept trying to ask you to discuss the merits of withholding, and you kept talking about torture. The merits of the withholding case are the same grounds, based on religion. And so there was no merits decision by the agency. It was simply by the immigration judge. And so those pages I referred to were the immigration judge talking about that there will be persecution based on the connection to the wife, based on religion and the marriage to the U.S. citizen wife. The immigration judge said there will be persecution? They said that – could possibly constitute – well, he used the word torture, but since torture is more than persecution, in effect, that that – then there is persecution. On AR-75, Your Honor, the I.J. said that there may – that the Respondent may face persecution. Yes. It says, Moreover, even if the Respondent was statutorily eligible, the Court finds he has failed to prove that he is more likely than not to be persecuted based on a qualifying ground. On page 75. That's page 75. Let me just open up. It says on the next to the last paragraph, Therefore, even though some acts against the Respondent or his family based on – here he's talking about one paragraph above. He says, As an American Christian, she could possibly face discrimination and even persecution. That's the paragraph. Which ends, Thus, while the Respondent's wife may face discrimination and possibly persecution by private individuals, the Respondent himself is not likely to face either on that basis. But then after that, they say, Even though some of the acts could possibly – against the Respondent and his wife could possibly constitute torture, that – and so that's how they – they're still talking – the case is talking about torture and withholding all in one, Your Honor. Okay. The persecution ends. For these reasons, the Court would deny withholding even if the Respondent was statutorily eligible for it. Then you get on to torture. Yes, Your Honor. All right. Thank you. Thank you. May it please the Court. My name is Edward Wiggers. I represent the Respondent in this matter. Since Petitioner was ordered removed for being convicted of an aggravated felony, the Court only has jurisdiction over constitutional claims and questions of law. The agency's particularly serious crime determination is a judgment that was historically outside the scope of habeas review, and the agency's assessment of the seriousness of Petitioner's crime does not constitute a constitutional claim or a question of law. The agency analyzed the proper factors for a particularly serious crime analysis. Petitioner's claim under the Convention Against Torture is speculative at best and incorrect at worst, and the Court should dismiss in part and deny in part the petition for review. Wait, wait. Go over that again. What part of the particularly serious crime determination does this Court have jurisdiction to review? Whether the board and the immigration judge employed the correct standard. Applied the correct legal standard. Yes, Your Honor. As far as the actual assessment of the facts of the case, that's outside the Court's jurisdiction. Okay. And the immigration judge enumerated all the factors under matter frantescu for a particularly serious crime analysis. Well, he set forth the standard, but then when he applied them, he did not consider the length of the sentence. He did not specifically. Well, specifically. You know, that always bothers me when you say he didn't specifically do it. Where did he do it in some other way? He made findings regarding the length of the sentence that he was convicted of, that he was sentenced to two years and served seven months of that sentence. Yeah. And where did he consider that in the, in his. He did not explicitly address it, Your Honor. However, the length of. He considered the other factors. Take out explicitly. He didn't address it. Pardon me, Your Honor. He did not address it. Take out the word explicitly. Yes, Your Honor. He did not include it in his analysis of the factors in that portion of his opinion. However, he was fully aware of them. And the dominant, it is not, the length of the sentence is not a dominant factor in a particularly serious crime analysis. The more significant factors in a particularly serious crime analysis. Well, let me ask you this before you get to that. Do the cases say either way, either that the I.J. had to specifically consider expressly each of the, what do you call them, the frontisque factors, whatever they are, in other words, he had to lay them all out, or do the cases say it's okay, you know, if he's aware of, as you're arguing, aware of the standard and applies it generally? Are the cases helpful either way on that? The Anaya-Ortiz case, Your Honor, is probably one of the best explanations. And from that case, it's more towards the latter, where it's not necessarily essential to specifically address each individual factor as long as the judge is aware of them and is issuing his decision. Which case is that? The Anaya-Ortiz against Holder cases. The Anaya-Ortiz. All right. Thank you. In this case, Petitioner was convicted of firing a handgun at a family of four in a minivan whose vehicle he had cut off while driving while under the influence of marijuana. The circumstances of the crime are the dominant factor in a frontisque analysis. And the fact that Petitioner only received a sentence to two years and only served seven months thereof is far less significant in light of the actual acts that he committed as far as determining whether his crime is particularly serious. He put the lives of a family of four, including two children under the age of two, at risk by discharging the firearm on a public street. And the immigration judge properly found that his crime was particularly serious. Okay. Let's proceed from there and assume that we would disagree. You then get to the merits, right? Your Honor, since the board did not address the merits in its decision, a remand under INS against Ventura would be appropriate. Okay. The IJ didn't reach the merits or the board didn't reach the merits? The IJ reached the merits, but the board did not. And since the board has the final say, that issue remains unresolved. The board said specifically we aren't deciding the merits. Yes, Your Honor. Okay. So the withholding depends on the question of whether you complied with the Francesca Ventura requirements. Yes, Your Honor. Okay. And on that topic, in light of the immigration judge's adverse credibility finding, the particularly serious crime determination is not such a mixed question of law. In fact, this Court would retain jurisdiction under Ramadan because the historical facts are disputed. Regarding Petitioner's cat claim, most of his testimony was pure speculation. He did not identify any individuals who he thought were in the United States who would tell people in Pakistan either about his cousin's conviction or about anything else that he may have done, and provided no concrete support for any of those claims. To the extent he claimed that he would be targeted because of his marriage to a  For in Pakistan, a Muslim man is permitted to marry a Jewish or a Christian woman, and there was no evidence in the record to show that Muslim men who did so were targeted one way or the other by any entity, let alone the Pakistani government. Furthermore, Petitioner's contentions that he would be targeted for being Americanized have no support in the record. And in light of the speculative nature of his claims, and to the extent it's incorrect that it's contradicted by the record, he has What did we do with his contention that his shooting was in self-defense? Did we just say that that wasn't right or disregarded it? No, Your Honor. When the Board affirmed the immigration judge's adverse credibility finding, it affirmed the adverse credibility finding. It cited to the entire adverse credibility finding from the immigration judge. The entire adverse credibility finding, therefore, was affirmed. And in light of that fact, this Court does not have jurisdiction over that aspect of the case because the historical facts are in dispute as far as the particularly serious crime determination goes. Since Petitioner was convicted of an aggravated felony and a particularly serious crime, and in light of the speculative nature of his CAT claims, this Court should dismiss in part and deny in part the petition for review. Unless there are any further questions, that concludes our presentation.  Thank you, Your Honor. Thank you. Yes, you have one minute. With respect to the Government Counsel's contention that the agency confirmed the adverse credibility finding in its entirety, that is clearly erroneous. As I have stated, the agency's decision in the footnote specifically upholds the two grounds of adverse credibility finding with respect to the circumstances of the conviction and does not address and ignores the issue of self-defense. And in closing, I would like to say that a finding of that petitioner's conviction for Section 245B as a particularly serious crime will render him ineligible for withholding of removal and the Convention for Withholding of Removal, and this will subject Mr. Afzal to persecution and if the Convention against Torture is denied, to torture and death in his native Pakistan. Please, we ask that this case be given a lot of seriousness because of the ramifications of having him removed to his native Pakistan will have on his life. Thank you, Your Honors. Thank you, counsel. The case is targeted, will be submitted. The next case on the calendar is Nelson v. City of Davis.
judges: Fletcher, Reinhardt, Tashima